In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | | |
|---|---|---|
| Roy L. Smith, #255906, | ) | Civil Action No.  9:07-0275-HFF-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF THE MAGISTRATE JUDGE** |
| Nurse Amy L. Smith, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.    INTRODUCTION

The Plaintiff, Roy L. Smith ("Plaintiff" or "Smith"), is an inmate of the South Carolina Department of Corrections ("SCDC") and is housed in the Evans Correctional Institution ("ECI").  The Plaintiff has brought this 42 U.S.C. § 1983 action against the defendant, Nurse Amy L. Smith ("Nurse Smith"), alleging negligence and deliberate indifference to his serious medical needs.  Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## II.    *PRO SE* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990). Such is the case with the present complaint.

### III. FACTUAL BACKGROUND

Plaintiff has brought this action contending that the Defendant was deliberately indifferent to his serious medical needs, in violation of 42 U.S.C. § 1983. The Plaintiff states in his complaint that on or about May 18, 2006 he "went before Doctor Pravin Patel physician after suffering with the condition of both left and wright [sic] feet, which was bleeding and pellin [sic] real badly."[1] According to the Plaintiff, Dr. Patel prescribed a medication for this

---

[1] *See* Complaint [1] at p. 3.

condition on the same day.  The Plaintiff claims he was scheduled to have a "first visit for this treatment" on May 20, 2006, and apparently given an Order To Report ("OTR") slip in order to obtain the medication.  Plaintiff contends that he gave the OTR slip to ECI employee Ms. Commings, who gave it to Defendant Nurse Smith.  Ms. Commings told the Plaintiff that "[Nurse] Smith tore up my Order To Report slip to receive this treatment on 5-20-2006."[2]  The Plaintiff claims that Nurse Smith violated his Eighth Amendment right to be free from cruel and unusual punishment because she "confiscated my Order To Report slip[.]"[3]  He also claims that he continued to suffer from peeling and bleeding feet in 2007.

The Plaintiff alleged in his Complaint that he pursued the proper grievance procedures by filing a complaint against Nurse Smith at both the Step 1 and Step 2 levels.  Attached to his complaint were copies of the Step 1 and Step 2 grievance forms, which indicated that the SCDC had denied the Plaintiff's grievance.  The court's review of the Step 1 and Step 2 grievance forms indicates that the Plaintiff grieved the same issue as set forth in his Complaint, and that the Plaintiff pursued the SCDC grievance procedure to its termination.  Indeed, the Plaintiff's Step 2 grievance form attached to the Complaint plainly shows that the Plaintiff signed an acknowledgment that the appeal process of the Inmate Grievance Procedure was exhausted, and that he had received the SCDC's final response regarding the matter.[4]

Thus, the record reflects that the Plaintiff attached the Step 1 and Step 2 grievance forms to his Complaint, in compliance with the directions on the face of the form complaint.  The Step 2 grievance form clearly indicates that the Plaintiff exhausted his administrative remedies.

---

[2]     *Id.*

[3]     *Id.*

[4]     *See* Grievance forms attached to Complaint. [1]

## IV. PROCEDURAL HISTORY IN FEDERAL COURT

On January 25, 2007, Plaintiff commenced this Section 1983 action against the Defendant Nurse Smith, alleging negligence and deliberate indifference to his medical needs.[5] [1]  In response, the undersigned issued an Order directing the issuance of summonses, and directed the Defendant to file an answer to the complaint.  [4]  The Defendant Nurse Smith was served, and on March 13, 2007, her counsel filed a motion to dismiss the complaint on the grounds that (1) the Plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996 (the "PLRA") prior to filing this action; and (2) the Defendant was entitled to qualified immunity.  [16]

On March 16, 2007, the undersigned issued an Order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which notified the Plaintiff of the Defendant's motion to dismiss and the possible consequences if Plaintiff failed to adequately respond to the Defendant's Motion within thirty-four (34) days.  [18]

On March 22, 2007, the Plaintiff filed a response in opposition to the Defendant's motion to dismiss [20], and on March 23, the Plaintiff filed a motion for summary judgment [21].  Thereafter, the Defendant filed a response in opposition to the Plaintiff's motion for summary judgment.  [23]  On April 19, 2007, the Plaintiff filed a second response in opposition to the Defendant's motion to dismiss.  [27]

Thus, pending before the court are two (2) motions: the Defendant's motion to dismiss [16] and the Plaintiff's motion for summary judgment.  [21]

## V.  DISCUSSION OF THE DEFENDANT'S MOTION TO DISMISS

### A.  The Standard for Determining a Motion to Dismiss

---

[5] Plaintiff has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), should a limitations issue arise in this action.  *See* Order dated January 31, 2007.  [4]

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (1993), *cert. denied, American Home Prods. Corp. v. Mylan Labs., Inc.*, 510 U.S. 1197 (1994); *see also Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), *cert. denied*, 514 U.S. 1107 (1995). As mentioned above, a *pro se* complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972). When, however, it appears to the court that the plaintiff has totally failed to state a claim which would entitle him to relief, a defendant is entitled to have his or her motion to dismiss granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### B.  The Grounds for Defendant's Motion

#### 1.  Whether the Plaintiff failed to exhaust his administrative remedies

In the present case, the Defendant has filed a motion to dismiss on two grounds, one of which is that the Plaintiff failed to exhaust his administrative remedies. As discussed above, this argument is completely without merit. Contrary to the Defendant's argument, the Plaintiff indicated on the form Complaint that he had exhausted his administrative remedies, and stated that he had received "the final agency/departmental/institutional answer or determination" on December 19, 2006. The Plaintiff also attached copies of his Step 1 and

Step 2 grievance forms, which clearly indicate that he exhausted the administrative grievance procedure. [6] He pursued the SCDC grievance process through Step 2.[7]

Furthermore, it appears to the court that the Defendant has mis-read the form Complaint. The Defendant's Motion to Dismiss states that "in subsection G [of the form Complaint], the Plaintiff does not state what the result of his grievance was." In fact, a plaintiff only would answer question "G." if the institution did **not** have a grievance procedure.

The Defendant's Motion to Dismiss on the grounds that the Plaintiff failed to exhaust his administrative remedies should be denied.

---

[6]     *See* Step 1 Inmate Grievance Form attached to Complaint.

[7]     This court is of the opinion that the Administrative Law Court ("ALC") review of certain inmate appeals in prison condition cases is not an "administrative remedy" for purposes of the Section 1997e(a) exhaustion requirement. Instead, it is more appropriately viewed as the first step in the "Judicial review" process by the S.C. court system under South Carolina's Administrative Procedures Act. See S.C.Code Ann. § 1-23-610(B). First, requiring exhaustion of administrative remedies is primarily intended to allow agencies to complete their review processes, and, in effect, correct their own errors, before a court intervenes. *See, e.g., McKart v. United States*, 385 U.S. 185 (1969). Second, the ALC reviews decisions from a number of state agencies. *See, e.g.*, S.C.Code Ann. §§ 40-15-210 (dentistry matters); 40-23-95 (environmental certification); 40-29-60 (manufactured homes standards); 40-33-120 (nursing matters); 49-21-40 (water drainage matters); 61-2-260 (contested liquor licenses). Thus, the ALC's jurisdiction is not confined to review of prison matters.

It appears that in this case, SCDC's exercise of true agency expertise ends when it issues a final response through its answer to an inmate's Step Two grievance. This conclusion is based upon SCDC policy, which mandates that the answer an inmate receives to the Step Two grievance "will be the Department's final response in the matter ... [t]he Department's final response implies the Department Director's approval." See SCDC Inmate Grievance System, policy # GA-01.12(14)(d) (Issued: April 1, 2000) (emphasis added). The distinction between administrative remedies which must be exhausted under Section 1997e(a) in Section 1983 cases, such as the one at bar, and state court remedies which must be exhausted in habeas cases (application of sentencing credits, review of disciplinary actions, and other matters affecting the execution of a valid state sentence) leads the court to conclude that exhaustion under Section 1997e(a) ends at the issuance of the SCDC's final response (Step Two) in non-habeas prison condition cases even though Administrative Law Court review remains a necessary step in the exhaustion of state court remedies required in habeas matters. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir.1997) ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.").

## 2.  Whether the Defendant is entitled to qualified immunity

The Defendant also argues that she is entitled to qualified immunity from the Plaintiff's action.  "Once raised, immunity is a threshold issue, which should be addressed early in the action because if it can be shown to be a valid defense, the defendant is entitled to dismissal or summary judgment.  For that reason, the issue of immunity should be addressed before discovery is allowed."  *Adkins v. Federal Bureau of Prisons*, 2007 WL 904797 at \*6 (D.S.C. Feb. 20, 2007).

Qualified immunity protects government officials performing discretionary functions from suits for civil damages arising out of the exercise of their discretionary functions, provided that their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).  The plaintiff's rights must be established so clearly that a "reasonable official would understand that what he is doing violates that right."  *Slattery*, 939 F.2d at 216 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation."  *Wilson v. Layne*, 526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000).  If the court first determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist."  *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998); *see also Young v. City of Mount Rainier*, 238 F.3d 567, 577-78 (4th Cir. 2001) (concluding that the complaint did not allege a constitutional violation, there was no need to consider the question of qualified immunity).

Accordingly, ruling on a defense of qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992).

Because this matter is before the Court on a motion to dismiss, the Court will consider whether or not the Plaintiff has identified in his Complaint a violation of a constitutional right which was clearly established at the time of such alleged violation.

It is well settled that the government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable as constituting cruel and unusual punishment contravening the Eighth Amendment. *Estelle*, 429 U.S. 97 at 104-105. To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate indifference is a very high standard–a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). The test for deliberate indifference has two parts: first, whether the deprivation of medical care was sufficiently serious (objective component) and second, whether there existed a culpable state of mind (subjective component). *See Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

With respect to the qualified immunity analysis, the undersigned must determine whether the plaintiff has properly pled a violation of his Eighth Amendment right. The general Eighth Amendment right at issue was clearly established at the time of the events alleged in the Complaint–in the longstanding principle that a prisoner may not be subjected to

deliberate indifference of a serious medical need. *See Estelle*, 429 U.S. at 104. The Plaintiff contends in his Complaint that the Defendant Nurse Smith "tore up" his Order to Report slip to receive treatment for his feet. Assuming this allegation to be true, as the court must do in the present procedural posture, this action cannot be said to be a violation of the Plaintiff's constitutional rights. The Plaintiff does not allege that Defendant Nurse Smith deliberately withheld medication or treatment, nor does he allege that Defendant Nurse Smith engaged in any conduct which could be deemed to "shock the conscience." Similarly, the Plaintiff does not allege that Defendant Nurse Smith's action caused him to be refused treatment or to suffer a significant physical or emotional injury.

The court does not find that the Plaintiff has alleged deliberate indifference sufficient to survive Defendant Nurse Smith's Motion to Dismiss. Consequently, Defendant Nurse Smith is entitled to qualified immunity. Therefore, it is recommended that the Defendant's Motion to Dismiss on the grounds of qualified immunity should be granted.

Given this recommendation, the court need not address the Plaintiff's Motion for Summary Judgment. [21]

## RECOMMENDATION

Based on the foregoing, it is recommended that the Defendant's Motion to Dismiss **[16] should be granted,** and the Plaintiff's Motion for Summary Judgment **[21] should be deemed moot.**

_____
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

June 20, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).