# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

Roy L. Smith,              )

                )    C/A No. 0:07-275-HFF-PJG

        Plaintiff,    )

                )

v.                 )    **REPORT AND RECOMMENDATION**

                )

Nurse Amy L. Smith,     )

                )

        Defendant.   )

_____)

The plaintiff, Roy L. Smith ("Plaintiff"), a self-represented state prisoner, filed this civil rights matter pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on Defendant Nurse Amy L. Smith's ("Defendant's") motion to set aside the clerk's entry of default (Docket Entry 86) and Plaintiff's motion for default judgment (Docket Entry 89).

Plaintiff filed this matter in January 2007. Defendant filed a motion to dismiss, which was granted by the court in January 2008. Plaintiff appealed this decision to the United States Court of Appeals for the Fourth Circuit, which reversed the court's decision and remanded the case for further proceedings. Following remand, this case was referred to the assigned magistrate judge.

On January 25, 2010, the court issued a scheduling order that included a deadline requiring an answer to be filed by February 9, 2010. (Docket Entry 75.) On February 22, 2010, the clerk entered default as to Defendant for failure to file an answer. That same day, Defendant filed an answer (Docket Entry 84) and a motion to set aside the entry of default (Docket Entry 86). Plaintiff filed a memorandum in opposition and a motion for a default judgment (Docket Entry 89), to which Defendant responded. (Docket Entry 92.)

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the court may set aside the entry of default for good cause. This rule "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.' " Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)). The primary factors to consider when reviewing a motion to set aside default under Rule 55(c) are prejudice to the non-moving party and whether a meritorious defense is presented. Central Operating Co. v. Utility Workers of Am., AFL-CIO, 491 F.2d 245 (4th Cir. 1974). A meritorious defense is presented where the moving party makes a presentation or proffer of evidence which, if believed, would permit the court to find for the defaulting party. United States v. Moradi, 673 F.2d 725 (4th Cir. 1982). The court may also consider whether or not the moving party acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the opposing party, whether there is a history of dilatory action, and the availability of less drastic sanctions. Lolatchy, 816 F.2d at 953.

Considering this standard, and after careful review and consideration of the arguments and evidence submitted, the court finds that Defendant has presented good cause and that Defendant should be granted relief in this case. Defendant acted promptly and with reasonable diligence in filing her answer and seeking to set aside the entry of default immediately upon receiving notification of the entry of default. This matter has already been in litigation for over three years; there is no indication of any prejudice to Plaintiff in allowing the action to proceed. Further, Defendant has offered a potentially meritorious defense and submitted an affidavit of counsel detailing the events surrounding the delay in filing an answer, which resulted from confusion stemming from a change in defense counsel.

## RECOMMENDATION

For good cause shown, the court recommends that Defendant's motion to set aside the entry of default (Docket Entry 86) be granted. In light of this recommendation, the court further recommends that Plaintiff's motion for default judgment (Docket Entry 89) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 25, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).