

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| ROY L. SMITH,<br>　　　Plaintiff,<br><br>vs.<br><br>NURSE AMY L. SMITH,<br>　　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. 0:07-275-HFF-PJG<br>§<br>§<br>§ |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's motion to set aside the entry of default be granted and further that Plaintiff's motion for default judgment be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 25, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on April 5, 2010.

In his Objections, Plaintiff argues that Defendant has failed to show good cause for vacating the Clerk's Entry of Default. However, Plaintiff fails to explain why Defendant has not shown good cause. Instead, he incorporates by reference the arguments made in support of his motion for default judgment.

In his motion for default judgment, Plaintiff argues that Defense counsel's excuse for not answering fails to establish "good cause." In the motion to set aside the Clerk's Entry of Default, Defense counsel explained that an answer was not filed due to a misunderstanding within defense counsel's firm because the attorney who was originally handling the case when it was filed three years ago is no longer with Defense counsel's law firm. According to Plaintiff, this excuse is insufficient.

The Court of Appeals for the Fourth Circuit stated that

> [w]hen deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). As noted in the Report, Defendant filed her motion to set aside the entry of default along with an answer on the same day that the entry was made. That answer contains several potentially meritorious defenses. Moreover, as Plaintiff has pointed out, it was Defense counsel, not Defendant who bears personal responsibility for the delay in answering. Further, a default judgment would be particularly prejudicial to Defendant. Finally, in reviewing the docket in the case, it appears that this is Defendant's first missed deadline in over three years. Thus, for these reasons and for the reasons discussed in the Report, the Court agrees with the Magistrate Judge that the Clerk's Entry of Default should be set aside.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report and incorporates it herein.  Therefore, it is the judgment of this Court that Defendant's motion to set aside the entry of default is **GRANTED**.  In light of this ruling, Plaintiff's motion for default judgment is **DENIED**.

**IT IS SO ORDERED**.

Signed this 9th day of April, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they may be able to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.