IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roy L. Smith, | ) | C/A No. 0:07-275-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Nurse Amy L. Smith, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Roy L. Smith, a self-represented inmate of the South Carolina Department of Corrections, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the defendant, Amy L. Smith, a nurse who works at the plaintiff's institution. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the parties' cross motions for summary judgment. (ECF Nos. 116 & 119.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 117.) The plaintiff filed a response in opposition as well as his own motion for summary judgment. (ECF Nos. 119 & 123.) Additionally, the defendant filed a response opposing the plaintiff's motion. (ECF No. 120.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the defendant's motion must be granted and the plaintiff's motion denied.

**BACKGROUND**

Viewed in the light most favorable to the plaintiff, the following facts appear pertinent to resolution of the pending motions. On May 18, 2006, the plaintiff received an Order to Report ("OTR") from Dr. Pravin Patel for the plaintiff to receive treatment for a foot condition. Dr. Patel

prescribed treatment once a week for the next three weeks for the plaintiff's condition. No specific date or time was specified for the treatments. When the plaintiff reported to the infirmary two days later, he was informed that the defendant "tore up" the OTR authorizing treatment for the plaintiff's condition. The plaintiff did not receive treatment that day. On June 6, 2006, the plaintiff filed a prison grievance contending that the defendant tore up his OTR and caused him to be denied his prescribed medication for fifteen days. This lawsuit followed in due course. See generally Smith v. Smith, 589 F.3d 736, 737 (4th Cir. 2009) (reversing the grant of a Rule 12(b)(6) motion in the instant case and remanding for further proceedings).

The medical records presented in support of the parties' summary judgment motions further reveal the following facts, which are not disputed by the plaintiff. On May 23, 2006, approximately five days after receiving the OTR from Dr. Patel regarding his foot condition,[1] the plaintiff presented to the infirmary complaining of dry scalp. No complaints from the plaintiff regarding his feet are noted in the medical records from that date. Similarly, approximately a week later on May 30, the plaintiff returned to the infirmary complaining of sinus problems and cold symptoms. Again, the medical records contain nothing about problems with his feet. The next week, on June 6, the plaintiff received an application of the medication for his feet. When he returned to the infirmary a week later on June 13, the plaintiff refused application of the medication "for today only," stating, "I don't feel like doing it today." (ECF No. 116-2 at 15.) The next week, on June 19, he complained about the rash on his feet and received Lotrimin cream. The medical records indicate that the plaintiff "left [the infirmary] with meds in hand." (ECF No. 116-2 at 14.)

---

[1] The unrefuted evidence of record shows that the plaintiff's foot condition was the fungus commonly known as "athlete's foot." (See Pl.'s Mot. Summ J. Exs., ECF No. 119-5 at 72) (Medical Records); (Patel Aff. ¶ 2, ECF No. 116-2 at 1; Smith Aff. ¶ 2, ECF No. 116-3 at 1).

# DISCUSSION

A. **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume

*PJG*

the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     § 1983 Claim**

To state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).

Here, the constitutional deprivation alleged by the plaintiff is that the defendant destroyed his OTR from Dr. Patel with deliberate indifference to his serious medical needs. Deliberate indifference by prison personnel to a prisoner's medical needs is actionable under § 1983 pursuant to the Eighth Amendment to the United States Constitution's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). To establish a claim under the Eighth Amendment, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

The first prong "is satisfied by a serious medical condition." Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily

recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.' " Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)). The plaintiff has failed to demonstrate he suffered a serious medical condition.[2] See, e.g., Stanley v. Page, 44 Fed. Appx. 13, 15 (7th Cir. 2002) (unpublished) (holding that even assuming that a prison's plumbing problems caused or exacerbated the prisoner's athlete's foot, the condition did not cause "serious harm" and therefore did not constitute deliberate indifference). Further, in this case, it is undisputed that the plaintiff received medical care for his foot condition. Viewing the facts in the light most favorable to the plaintiff, the defendant's alleged actions resulted at most in a delay in his medical treatment. The plaintiff has presented no evidence whatsoever that the delay caused him to suffer a life-long handicap or a permanent loss, or otherwise resulted in a substantial harm to him. See Coppage, 906 F. Supp. at 1037; see also Webb v. Hamidullah, 281 Fed. Appx. 159, 166 & 167 n.13 (4th Cir. 2008) ("An Eighth Amendment violation only occurs, however, if the delay results in some substantial harm to the patient.") (unpublished).

Even assuming the plaintiff's foot problem constituted a serious medical condition, he cannot satisfy the second prong to establish deliberate indifference. As stated above, to satisfy the second prong an inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent

---

[2] Rather than addressing the defendant's grounds for summary judgment, the plaintiff merely incorporates his counsel's brief filed in connection with his appeal to the Fourth Circuit in this matter, which involved a Rule 12(b)(6) motion to dismiss. Although counsel indicated in his brief that the plaintiff may have tested positive for HIV, this assertion is utterly unsupported by the record currently before the court on summary judgment. (See ECF No. 119-5 at 79) (indicating only that the plaintiff was provided results from an HIV test but failing to mention any treatment for HIV or any follow up from those results).

Page 5 of 7
PJG

if she has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Id. at 847; Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Farmer, 511 U.S. at 837. Here, the plaintiff has presented no evidence that, even if the defendant tore up a valid OTR,[3] she did so with a culpable state of mind constituting deliberate indifference. The record contains no probative evidence that would cast doubt on the defendant's affidavit indicating that she believed the OTR to be expired. Moreover, as discussed above, even if the plaintiff had presented sufficient evidence that the defendant knew that his foot condition constituted a serious medical need and that the defendant destroyed the OTR with deliberate indifference to subject him to cruel and unusual punishment, the plaintiff has presented no evidence whatsoever that he was injured as a result.

**RECOMMENDATION**

The plaintiff has not presented sufficient evidence from which a reasonable jury could find that he sustained any injury resulting from conduct of the defendant that constituted deliberate indifference to a serious medical need. Accordingly, the court recommends that the defendant's motion for summary judgment (ECF No. 116) be granted and that the plaintiff's motion for summary judgment (ECF No. 119) be denied.

October 14, 2010  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[3] The parties dispute whether the defendant tore up the OTR and the date upon which that allegedly occurred, and the court views these disputed points in the light most favorable to the plaintiff, accepting his version as true.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).